UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JALEN AZIZ,<br><br>　　　　Defendant. | CASE NO. CR21-118 JLR<br><br>ORDER DENYING MOTION FOR RELEASE ON BOND |

This matter comes before the Court on Defendant's motion to reopen the detention hearing and for release on bond. Dkt. 21. On November 3, 2021, the Court heard from counsel for the Defendant and the government, as well as Mr. Sampson, the Director of the YMCA Alive and Free Program. After hearing argument from the parties and with input from the United States Probation Office, the Court granted a two-week continuance to allow defense counsel to obtain further information on inpatient drug treatment options. On November 16, 2021, counsel for Defendant sought a further continuance. For the reasons set forth below, the Court DENIES the request to continue the hearing, and DENIES the motion for release on bond.

ORDER DENYING MOTION FOR RELEASE

PAGE -1

## PROCEDURAL AND FACTUAL BACKGROUND

On July 8, 2021, the government arrested the Defendant pursuant to a Complaint. Dkt. 1. The government filed a Motion for Detention that same day and Defendant initially stipulated to detention. Dkt. 4, 5. On July 23, 2021, the Defendant filed a motion to reopen his Detention Hearing. Dkt. 13. The government did not oppose. On July 28, 2021, a Detention Hearing was held before this Court. Dkt. 16. During the hearing, defense counsel told the Court that the Defendant had begun intake for Community Passageways, a community-based program that works to help young people successfully integrate into the community after criminal justice involvement. After hearing argument from counsel for the parties, the Court ordered the Defendant detained pending trial, and issued a Detention Order. Dkt. 17.

On October 8, 2021, the Defendant moved to reopen the Detention Hearing based on information that the Defendant had been denied admission to Community Passageways, but had been accepted to the YMCA's Alive and Free program. Dkt. 21. On November 3, 2021, the Court heard argument on the Motion from counsel for the Defendant and the government, and also heard information about the YMCA Alive and Free program from Mr. Sampson, Director of the program. Counsel for Defendant informed that Court that Ollala Recovery Center had completed an intake review with Defendant for inpatient drug treatment and had declined to offer him services. After hearing argument from the parties and with input from the United States Probation Office, the Court granted a two-week continuance to allow defense counsel to obtain further information on alternative inpatient drug treatment

ORDER DENYING MOTION FOR RELEASE
PAGE -2

options.  On November 16, 2021, counsel for Defendant sought a further continuance.

## DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).  Here, the Defendant's motion presented new information regarding participation in a community-based mentoring program, and the Court sought information on the availability of inpatient drug treatment and an update on the status of the active warrant from King County Superior Court.

At the hearing on November 3, 2021, the government proffered that the warrant from King County remined active and involved a bail amount of $150,000 after Defendant failed to appear for arraignment.  The government confirmed that Defendant would be picked up on the warrant if he were released by the Court, although the outcome of any request to reduce the set bail amount could not be forecast.  Defense counsel noted that Defendant had completed an intake with Ollala Recovery Centers, but Ollala had determined they could not offer services to Defendant.  Further, because Defendant had private insurance, any treatment would likely have to be privately funded.  None of the drug treatment centers were lockdown facilities, although Defendant could be fitted with a GPS location monitor.

The government proffered that the investigation had continued with respect to Defendant's alleged criminal conduct, revealing that he had a separate Snapchat account that

raised concerns regarding involvement in identify theft, and that Defendant appeared to be involved in recruiting others into this criminal conduct.  Further information from Defendant's Snapchat accounts suggested that he had been in possession of firearms for a longer period than previously known, including the time period December 2020 to February 2021, and had offered a firearm for sale.  The United States Probation Office reported that inpatient drug treatment would not mitigate the risks presented by Defendant's criminal history and association with firearms.

The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence.  *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).  However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .
>
> 18 U.S.C. § 3142(e).

Here, Defendant cannot overcome the presumption that he is both a risk of flight and a danger to the community in light of the facts relevant to the 18 U.S.C. § 3142(g) factors[1],

---

[1] A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning

already set forth in the Court's detention order.  Dkt. 17.  At this time there is no inpatient treatment plan in place, and even if a program were available, no facilities appear to offer the level of security that would mitigate Defendant's danger to the community in light of his criminal history and recent and repeated association with firearms.  Although the mentoring program offered by Alive and Free offers a valuable service to the community, it too does not offer the level of wrap around services that would sufficiently mitigate the risks presented by Defendant in terms of both danger to the community and risk of nonappearance.

The motions to continue and for release on bond are DENIED.

DATED this 16th day of November, 2021.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

---

appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

ORDER DENYING MOTION FOR RELEASE

PAGE -5