```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
         AT SEATTLE
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR21-118 JLR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER DENYING MOTION FOR |
| JALEN AZIZ, ) | TEMPORARY RELEASE |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant's motion for temporary release to attend his grandfather's funeral.  Dkt. 30, 31.  For the reasons set forth below, the Court DENIES the motion for temporary release.

**PROCEDURAL AND FACTUAL BACKGROUND**

On July 8, 2021, the government arrested the Defendant pursuant to a Complaint. Dkt. 1.  The government filed a Motion for Detention that same day and Defendant initially stipulated to detention.  Dkt. 4, 5.  On July 23, 2021, the Defendant filed a motion to reopen his Detention Hearing.  Dkt. 13.  The government did not oppose.  On July 28, 2021, a Detention Hearing was held before this Court.  Dkt. 16.  During the hearing, defense counsel

told the Court that the Defendant had begun intake for Community Passageways, a community-based program that works to help young people successfully integrate into the community after criminal justice involvement. After hearing argument from counsel for the parties, the Court ordered the Defendant detained pending trial, and issued a Detention Order. Dkt. 17.

On October 8, 2021, the Defendant moved to reopen the Detention Hearing. Dkt. 21. On November 3, 2021, the Court heard argument on the Motion from counsel for the Defendant and the government, and also heard information about the YMCA Alive and Free program from Mr. Sampson, Director of the program. Counsel for Defendant informed the Court that Ollala Recovery Center had completed an intake review with Defendant for inpatient drug treatment and had declined to offer him services. After hearing argument from the parties and with input from the United States Probation Office, the Court granted a two-week continuance to allow defense counsel to obtain further information on alternative inpatient drug treatment options. On November 16, 2021, counsel for Defendant sought a further continuance. The Court denied the motion to continue and the motion for release. Dkt. 28.

On November 18, 2021, Defendant filed a motion for temporary release to attend the funeral of his grandfather. Dkt 30, 31. The Defendant proposed release for one day to attend the funeral and a small family gathering, with a return to the FDC by 10:00 p.m. Defendant's mother would act as third-party custodian. Because of the upcoming court closure and the illness of the assigned AUSA, the Court permitted the government to respond

ORDER DENYING MOTION FOR RELEASE

PAGE -2

via email, and the Defendant to likewise reply by email. The government noted that the Defendant is currently serving seven days in solitary confinement as the result of being in an unauthorized area, a minor infraction, on November 22, 2021.

## DISCUSSION

Temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *United States v. Terrone*, 454 F.Supp. 3d 1009, 1018 (D. Nev. 2020). The original grounds for detention remain a factor in the court's analysis. *United States v. Rhule*, No. 20-CR-105-JCC, 2021 WL 63250, at *4 (W.D. Wash. Jan. 7, 2021). The relief authorized by § 3142(i) is to be used "sparingly." *United States v. McKnight*, 2020 WL 1872412 at *2-3, CR18-16-TSZ (W.D. Wash. April 15, 2020).

The Court recognizes the extremely challenging circumstances presented by the death of Defendant's grandfather, and Defendant's understandable desire to be present with his family at the funeral and subsequent family gathering. However, the Court must continue to consider the factors that warranted Defendant's detention, involving both risk of flight and danger to the community. *See* Dkt. 17, 28. None of those circumstances have changed. Defense counsel notes that temporary post-conviction release is permitted in certain circumstances where "there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him" 18 U.S.C. 3145(c). Here, the Court finds no basis for belief that Defendant "will honor the trust to be imposed in him" given Defendant's prior failures to

ORDER DENYING MOTION FOR RELEASE

PAGE -3

report for supervision, failures to appear to address supervision violations, and his repeated refusal to comply with court orders to refrain from gun possession.   It is also noteworthy that at a time that Defendant was, presumably, aware of this pending motion for temporary release, he failed to comply with the conditions of his detention and committed the infraction of being in an unauthorized area.   Although the Court recognizes that Defendant's mother has offered to support his temporary release though third-party guardianship, this factor cannot sufficiently mitigate the risks presented by Defendant in terms of both danger to the community and risk of nonappearance.

The motion for temporary release is DENIED.

DATED this 23rd day of November, 2021.

_S. Kate Vaughan_
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTION FOR RELEASE

PAGE -4