THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0118-JLR |
| Plaintiff, | ORDER |
| v. | |
| JALEN L. AZIZ, | |
| Defendant. | |

On November 23, 2021, the Honorable S. Kate Vaughan, U.S. Magistrate judge, denied Defendant Jalen Aziz's motion for temporary release to attend his grandfather's funeral. (Dkt. No. 32.) Mr. Aziz appeals. (Dkt. No. 33.) Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the appeal and AFFIRMS Judge Vaughan's order for the reasons explained below.

I.      BACKGROUND

In July 2021, Mr. Aziz was charged by criminal complaint with two counts of distributing fentanyl and one count of being a felon in possession of a firearm. (Dkt. No. 1.) He was arrested and indicted on those counts (Unnumbered July 8, 2021 Dkt. Entry; Dkt. No. 5.) After initially stipulating to his own detention (Dkt. Nos. 4–7), Mr. Aziz filed two motions to reopen his detention hearing (Dkt. Nos. 13, 21.)  Judge Vaughan denied both based on concerns that Mr. Aziz presented a flight risk and a danger to the community. (Dkt. Nos. 17 at 2–3, 28 at 3–5.)

On November 18, 2021, Mr. Aziz moved for temporary release to attend his grandfather's funeral. (Dkt. No. 30.) Judge Vaughan denied that motion recognizing that, notwithstanding the challenging circumstances resulting from a family member's death, none of the circumstances justifying Mr. Aziz's initial detention, or the denial of his prior motions to reopen his detention hearing, had changed. (Dkt. No. 32 at 3–4.) Mr. Aziz now appeals. (Dkt. No. 33.)

## II.    DISCUSSION

The Court reviews *de novo* a magistrate judge's decision denying pretrial release. *See United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990). Under 18 U.S.C. §3142(i), a judicial officer may temporarily release someone in custody "to the extent the judicial officer determines such release to be necessary for preparation of the person's defense, or for another compelling reason."

The Court has found no cases in this circuit, nor have the parties cited any, specifying what factors a court should consider when deciding such a motion. This Court, in *United States v. Rhule*, 2021 WL 63250, slip op. at 4 (W.D. Wash. 2021), previously listed four factors specific to the COVID-19 context: (1) the original grounds for pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) whether the proposed release plan is tailored to mitigate or exacerbate COVID-19 risks to the defendant; and (4) whether the proposed release would increase COVID-19 risks to others.

Adapting those factors for general use, the Court believes it proper to consider: (1) the original grounds for a defendant's pretrial detention; (2) the strength of the defendant's interest in the requested furlough; and (3) whether the proposed release plan strikes an appropriate balance among these considerations.

Losing a family member is an extremely challenging experience. Attending a funeral or memorial service plays an important role in celebrating and grieving the departed. Mr. Aziz thus has a strong interest in the closure and salutary benefit of attending a funeral service. The Court

ORDER
CR21-0118-JLR
PAGE - 2

1   has thus considered very carefully whether it is possible to avoid denying that opportunity to Mr.

2   Aziz.

3          The Court cannot, however, disregard the reasons for Mr. Aziz's original detention or for

4   Judge Vaughan's denial of his prior motions seeking pretrial release. The record reflects that Mr.

5   Aziz has two recent convictions for robberies that involved injuries to victims, and he has on

6   multiple occasions failed to obey conditions of release, including failing to appear for court

7   proceedings, arrests for firearm possession, and attempting to elude police. (*See generally* Dkt.

8   No. 6.)

9          Additionally, the Court is concerned that Mr. Aziz's proposed release plan is

10  insufficiently tailored to mitigate concerns that he could be a flight risk or a danger to the

11  community. He proposes to have his mother pick him up from the federal detention center at

12  7:00 am so he can shower and change for an 11:00 am funeral service, attend a family gathering,

13  and then return to the FDC by 10:00 pm. (*See* Dkt. No. 32 at 2). Thirteen hours is a long time to

14  attend a service and family gathering, especially with no law enforcement supervision or

15  involvement. Additionally, the record suggests that Mr. Aziz has had challenges with substance

16  use, (*see, e.g.*, Dkt. No. 21-4 at 10–11), which gives the Court pause, especially in the context of

17  the emotional and perhaps stressful experience of grieving a relative.

18         The Court thus finds that the reasons for Mr. Aziz's original detention outweigh his

19  interest in attending the funeral, in light of his release proposal.

20  **III.     CONCLUSION**

21         For the foregoing reasons, Mr. Aziz's appeal of his motion for temporary release (Dkt.

22  No. 33) is DENIED and Judge Vaughan's decision denying that motion (Dkt. No. 32) is

23  AFFIRMED.

24  //

25  //

26  //

ORDER
CR21-0118-JLR
PAGE - 3

1      DATED this 24th day of November 2021.

2

3

4

                        John C. Coughenour

5                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR21-0118-JLR
PAGE - 4